CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 01, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Claude David Convisser, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 3:25-cv-00079 |
| The Haven at First and Market, Inc., | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiff Claude David Convisser's amended complaint (Dkt. 7), which the court construes as a motion for leave to file an amended complaint. For the reasons discussed below, the court will deny the motion.

**I.     Background**

Convisser, proceeding *pro se*, filed his original complaint and application for leave to proceed *in forma pauperis* on September 23 and 24, 2025 (Dkts. 1, 2). The complaint alleged that Defendant the Haven at First and Market, a day shelter and housing resource center, violated the Americans with Disabilities Act ("ADA") by refusing to allow Convisser to store his shoes and bicycle shorts outside of his designated plastic storage bin. (*See* Dkt. 1.) Convisser followed his complaint with a motion for an *ex parte* temporary restraining order and preliminary injunction, asking the court to order the Haven to allow storage of his items outside his bin and to refrain from suspending or otherwise punishing plaintiff for doing so. (*See* Dkts. 3, 3-1.)

On September 26, 2025, this court granted Convisser's application to proceed *in forma pauperis* and dismissed his complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. (Dkt. 3.) The court concluded that Convisser had not plausibly alleged that the Haven violated the ADA. The court did not grant Convisser leave to amend, so its September 2025 order was a final appealable judgment. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc).

On September 29, 2025, Convisser filed an amended complaint (Am. Compl. (Dkt. 7)). He added facts relating to the Haven's storage bin policy or lack thereof, factual background relating to his interactions with Haven staff, and arguments for why he believes the Haven's arguments for rejecting his accommodation request are unreasonable. He also renewed his motion for an *ex parte* temporary restraining order (Renewed Mot. for Temp. Restraining Order (Dkt. 9)). The Haven has not yet received service.

## II.   Standard of Review

"When an action has been dismissed with a final judgment, there is no pending complaint to amend." *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024) (internal quotation marks omitted). Thus, "a motion to amend filed *after* a judgment of dismissal has been entered cannot be considered until the judgment is vacated" under Federal Rule of Civil Procedure 59(e) or 60(b). *Id.* (quoting *Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d 536, 539 (4th Cir. 2013)); *see Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). When a plaintiff moves to alter or amend a judgment under Rule 59(e), "the broad standard for allowing a court to grant the [Rule 59(e)] motion allows the court simply to turn to the standard applicable to the motion to amend." *Daulatzai*, 97 F.4th at 178–79. In that case, "[t]he court

need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

Under Federal Rule of Civil Procedure 15(a), a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). It should deny leave to amend "*only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.*" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

A proposed amendment may be denied as futile when it "fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted). When evaluating whether an *in forma pauperis* complaint "fails to state a claim on which relief may be granted" under § 1915(e)(2)(B)(ii), the court applies the same standard that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, the court is "free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).

Finally, the court must liberally construe pleadings filed by a *pro se* party like Convisser. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The liberal construction rule "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). That said, liberal construction "does not transform the court into an advocate" for *pro se* parties. *Weller v. Dep't*

*of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). *Pro se* parties, like all litigants, must comply with the pleading requirements in the Federal Rules of Civil Procedure. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

### III.    Analysis

The court cannot grant Convisser leave to amend his complaint unless it first vacates the September 26, 2025 judgment dismissing this action without prejudice. *See Daulatzai*, 97 F.4th at 177. Convisser has not filed a separate motion to alter, amend, or set aside the court's judgment under Rule 59(e) or Rule 60(b).

Nevertheless, applying the liberal construction rules for *pro se* filings, the court will construe Convisser's amended complaint as a motion for leave to amend and also to request relief under Rule 59(e). *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (construing a *pro se* plaintiff's post-judgment motion for leave to amend to include a request to set aside judgment under Rule 60(b)); *Baraya v. Baraya*, No. 3:21-cv-00640, 2022 WL 20438186, at *2 (W.D.N.C. Apr. 14, 2022) (construing a *pro se* plaintiff's post-judgment motion for leave to amend to include a request for relief under Rule 59(e)). Convisser's renewed TRO motion acknowledges the court's September 26, 2025 order dismissing the original complaint without prejudice and attempts to address the pleading deficiencies the court identified. (*See* Pl.'s Mem. in Supp. of Mot. for Temp. Restraining Order at 4–7 (Dkt. 8) [hereinafter "Pl.'s TRO Brief"].) Convisser filed the amended complaint, which the court construes as a motion for leave to amend and Rule 59(e) motion, within 28 days of the court's September 26, 2025 order, before the deadline for filing a Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e). And because the standard for reviewing a Rule 59(e) motion merges with the standard for reviewing

Convisser's motion for leave to amend, *see Daulatzai*, 97 F.4th at 178–79, requiring him to file a separate, properly labeled Rule 59(e) motion would serve no purpose here.

After reviewing Convisser's motion and proposed amended complaint, the court will not vacate its September 2025 judgment and will deny him leave to file the amended complaint as futile. As the court explained in its September 26, 2025 memorandum opinion and order, Convisser did not plausibly allege that the Haven violated the ADA in his first complaint. (*See* Dkt. 5 at 4–6.) Convisser contends that his proposed amended complaint "clarifies that the Haven discriminated against [him] because of his disabilities and in retaliation for his request for accommodation." (Pl.'s TRO Brief at 6.) The court's close review of the proposed amended complaint, however, suggests that the deficiencies the court pointed out in its first memorandum opinion and order (Dkt. 5) still remain.

As to his ADA discrimination claim, Convisser alleges that the court drew an inference against him in the court's previous opinion by inferring that the Haven had a storage bin policy. (*Id.*) He claims that he amended his complaint to include more details about the Haven's policy (or lack thereof) forbidding guests' storage of items behind and on top of their bins. (*Id.*) But in his amended complaint, Convisser only reasserts more extensively his previously asserted allegations that he had been storing his items outside or on top of his bin for some time with no pushback, and that other guests stored items outside or on top of their bins and were not disciplined for it. (*See* Am. Compl. ¶¶ 36–37, 41–45.) Suggestions that a policy is not frequently enforced does not mean that no policy exists in the first place.

While this court is required to view the facts in the light most favorable to the plaintiff, it is not required to make inferences in the plaintiff's favor when the alleged facts and attached

Case 3:25-cv-00079-JHY-JCH   Document 10   Filed 10/01/25   Page 6 of 8
                               Pageid#: 102

exhibits suggest otherwise. Convisser provided an email in which the Haven's Executive Director clearly references a "policy" and explains why he could not make an exception to the policy for Convisser. (Dkt. 4-6 at 2.) Convisser himself also appears to concede that the Haven had some sort of policy for bin storage, writing that he "formally asked for the Haven to modify whatever policy it had concerning bin storage." (Am. Compl. ¶ 53.) Finally, policy or no policy, Convisser's amended complaint still alleges no facts consistent with an inference that the Haven is forbidding him from using their bins or that they are prohibiting him from storing his items outside of his bin *because* of his physical limitations. Therefore, Convisser's amendments to his ADA discrimination claim are futile.

As to his ADA retaliation claim, Convisser claims he amended his complaint to include allegations that the Haven "clearly singled out plaintiff for disparate treatment" and that he was "target[ed]" about the bin storage policy "in response to his request to Haven management." (Pl.'s TRO Brief at 6–7.) Convisser adds background on the conflicts that he has encountered at the shelter and argues that the Haven's "management creed breeds arbitrary disciplinary results divorced from abstract notions of right and wrong." (Am. Compl. ¶¶ 49–51.) But as he did in his original complaint, Convisser alleges in his amended complaint that the Haven staff directed him to follow their policy about bin storage and explained that he may be subject to suspension from the shelter if he did not comply. (*Id.* ¶ 46–47.) Convisser again notes that the Haven staff is, by their own rules, permitted to suspend guests for infractions of house rules. (*Id.* ¶ 52.) And he admits that the Haven staff (1) had previously directed all guests to clear out everything stored behind or on top of their bins and (2) had reminded Convisser that guests were "not supposed to store items behind their bins." (*Id.*

¶¶ 33, 43.) Therefore, the Haven's enforcement of their bin policy after Convisser asked for an exception to the policy does not appear to give rise to an inference of disability discrimination. (*See id.* ¶ 76.) Accordingly, Convisser's amendments to his ADA retaliation claim are also futile.

As to his claim of failure to accommodate, Convisser claims that his amended complaint "exposes as fallacious Executive Director Owen Brennan's excuses for refusing to reasonably modify its stance in response to plaintiff's request." (Pl.'s TRO Brief at 6.) These amendments only emphasize what Convisser has already made clear: that he disagrees with the Haven's reasoning for refusing his request. (*See* Am. Compl. ¶ 65.) While the court understands Convisser's frustrations, he has not plausibly alleged that he is being denied a service at the Haven because of his disability. He still has not alleged sufficient facts to prove that his accommodation request is a "necessary" modification to afford him the "privilege" or "service" of the use of a storage bin. 42 U.S.C. § 12182(b)(2)(A)(ii).

If "access to a bin is not the point," as Convisser asserts, then his claim has even less merit. (Pl.'s TRO Brief at 4–5.) Convisser claims that "a place indoors to leave his wet shoes and necessary bicycle shorts to dry for several days" is "necessary to accommodate his disabilities." (Am. Compl. ¶ 58.) The ADA ensures equal access to services for disabled people, but it does not give Convisser a right to dry his personal effects wherever he would like in a homeless shelter. Convisser's amendments to his ADA failure to accommodate claim are therefore futile.

### IV.  Conclusion and Order

For the reasons stated above, the court **DENIES** Convisser's motion for leave to amend, which he filed as amended complaint (Dkt. 7), as his proposed amendments are futile. Convisser's renewed motion for a temporary restraining order and preliminary injunction (Dkt. 9) is **DENIED** as moot.

**ENTERED** this  1st  day of October, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE